Joseph P. DePaola (JD 4373)
Alan M. Greenberg (AMG 0905)
**GREENBERG LAW, P.C.**
370 Lexington Avenue, Ste. 1100
New York, New York 10017
Tel: (212) 972-5656
Fax: (212) 697-3551
Email: joe@greenberglawpc.com

*Attorneys for Plaintiff*
*J.T. an Infant, by His Mother and Natural Guardian,*
*CATHERINE PETER*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
J.T., an Infant, by His Mother and Natural
Guardian, CATHERINE PETER,

          Plaintiff,

-against-

IHOP RESTAURANTS LLC, SI GRANITEVILLE
PANCAKE HOUSE INC. d/b/a IHOP, RICHMOND
IHOP LLC d/b/a IHOP  and JANE DOE, a fictitious
person the identity of whom is presently unknown,

          Defendants.
-------------------------------------------------------------------x

**Case No.:**

**Complaint**

**Jury Trial Demanded**

  Plaintiff, complaining of the defendants, by his/her attorneys, Greenberg Law P.C., hereby respectfully alleges upon information and belief as follows:

### Jurisdiction and Venue

  1.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(2) as the matter in controversy exceeds $75,000.00 exclusive of interest and costs and is between citizens of different states.

1

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this claim took place in this district. Specifically, an event more particularly described below that occurred at or near 935 Richmond Avenue, County of Richmond, City and State of New York.

### Jury Demand

3. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### Parties

4. Plaintiff is a citizen of the State of Iowa and is a natural person domiciled in the City of West Des Moines, County of Polk, State of Iowa.

5. That at all times hereinafter mentioned, Defendant IHOP RESTAURANTS LLC is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware.

6. Defendant IHOP RESTAURANTS LLC is and at all relevant times has been registered in the State of New York as a foreign limited liability company.

7. Defendant IHOP RESTAURANTS LLC, is and at all relevant times has been transacting business within the jurisdiction of the U.S. District Court for the Eastern District of New York to residents, all for profit.

8. At all times hereinafter mentioned, Defendant IHOP RESTAURANTS LLC, should have reasonably expected its actions to have consequences in the U.S. District Court for the Eastern District of New York.

9. At all times hereinafter mentioned, Defendant IHOP RESTAURANTS LLC, committed a tortious act within the State of New York, causing injury to Plaintiff within the U.S. District Court for the Eastern District of New York.

10. At all times hereinafter mentioned, Defendant IHOP RESTAURANTS LLC, is and has been transacting business within the jurisdiction of the U.S. District Court for the Eastern District of New York and should have reasonably expected its actions to have consequences in the U.S. District Court for the Eastern District of New York.

11. At all times hereinafter mentioned, Defendant IHOP RESTAURANTS LLC, is and has been transacting business within the jurisdiction of the U.S. District Court for the Eastern District of New York, and its agents, servants, and/or employees, committed a tortious act within the State of New York, causing injury to Plaintiff within jurisdiction of the U.S. District Court for the Eastern District of New York.

12. That at all times hereinafter mentioned, Defendant SI GRANITEVILLE PANCAKE HOUSE INC. D/B/A IHOP is and has been a corporation organized and existing under and by virtue of the laws of the State of New York with its principal place of business at 935 Richmond Avenue, County of Richmond, City and State of New York.

13. Defendant SI GRANITEVILLE PANCAKE HOUSE INC. D/B/A IHOP, is and has been transacting business within the jurisdiction of the U.S. District Court for the Eastern District of New York to residents, all for profit.

14. At all times hereinafter mentioned, Defendant SI GRANITEVILLE PANCAKE HOUSE INC. D/B/A IHOP, should have reasonably expected its actions to have consequences in the U.S. District Court for the Eastern District of New York.

15. At all times hereinafter mentioned, Defendant SI GRANITEVILLE PANCAKE HOUSE INC. D/B/A IHOP, committed a tortious act within the State of New York, causing injury to Plaintiff within the U.S. District Court for the Eastern District of New York.

16. At all times hereinafter mentioned, Defendant SI GRANITEVILLE PANCAKE HOUSE INC. D/B/A IHOP, is and has been transacting business within the jurisdiction of the U.S. District Court for the Eastern District of New York and should have reasonably expected its actions to have consequences in the U.S. District Court for the Eastern District of New York.

17. At all times hereinafter mentioned, Defendant SI GRANITEVILLE PANCAKE HOUSE INC. D/B/A IHOP, is and has been transacting business within the jurisdiction of the U.S. District Court for the Eastern District of New York, and its agents, servants, and/or employees, committed a tortious act within the State of New York, causing injury to Plaintiff within jurisdiction of the U.S. District Court for the Eastern District of New York.

18. That at all times hereinafter mentioned, defendant RICHMOND IHOP LLC d/b/a IHOP is and has been a corporation organized and existing under and by virtue of the laws of the State of New York with its principal place of business at 935 Richmond Avenue, County of Richmond, City and State of New York.

19. Defendant RICHMOND IHOP LLC d/b/a IHOP, is and has been transacting business within the jurisdiction of the U.S. District Court for the Eastern District of New York to residents, all for profit.

20. At all times hereinafter mentioned, Defendant RICHMOND IHOP LLC d/b/a IHOP, should have reasonably expected its actions to have consequences in the U.S. District Court for the Eastern District of New York.

21. At all times hereinafter mentioned, Defendant RICHMOND IHOP LLC d/b/a IHOP, committed a tortious act within the State of New York, causing injury to Plaintiff within the U.S. District Court for the Eastern District of New York.

22. At all times hereinafter mentioned, Defendant RICHMOND IHOP LLC d/b/a IHOP, is and has been transacting business within the jurisdiction of the U.S. District Court for the Eastern District of New York, and should have reasonably expected its actions to have consequences in the U.S. District Court for the Eastern District of New York.

23. At all times hereinafter mentioned, Defendant RICHMOND IHOP LLC d/b/a IHOP, is and at all relevant times has been transacting business within the jurisdiction of the U.S. District Court for the Eastern District of New York, and its agents, servants, and/or employees, committed a tortious act within the State of New York, causing injury to Plaintiff within jurisdiction of the U.S. District Court for the Eastern District of New York.

24. That at all times hereinafter mentioned, Defendant JANE DOE was an agent, servant and/or employee of Defendant IHOP RESTAURANTS LLC.

25. That at all times hereinafter mentioned, Defendant JANE DOE was an agent, servant and/or employee of Defendant SI GRANITEVILLE PANCAKE HOUSE INC. d/b/a IHOP.

26. That at all times hereinafter mentioned, Defendant JANE DOE was an agent, servant and/or employee of Defendant RICHMOND IHOP LLC d/b/a IHOP .

27. That at all times hereinafter mentioned, Defendant JANE DOE is a natural person whose state citizenship is diverse from Plaintiff.

## Background Facts

28. That at all times hereinafter mentioned, Defendant IHOP RESTAURANTS LLC was the owner of the premises located at 935 Richmond Avenue, County of Richmond, City and State of New York, (hereinafter referred to as "the Subject Premises").

29. That at all times hereinafter mentioned, Defendant IHOP RESTAURANTS LLC was the lessee of the Subject Premises.

30. That at all times hereinafter mentioned, Defendant IHOP RESTAURANTS LLC operated a restaurant open to the general public at the Subject premises.

31. That at all times hereinafter mentioned, Defendant IHOP RESTAURANTS LLC managed the Subject Premises.

32. That at all times hereinafter mentioned, Defendant IHOP RESTAURANTS LLC maintained the Subject Premises.

33. That at all times hereinafter mentioned, Defendant SI GRANITEVILLE PANCAKE HOUSE INC. d/b/a IHOP was the owner of Subject Premises.

34. That at all times hereinafter mentioned, Defendant SI GRANITEVILLE PANCAKE HOUSE INC. d/b/a IHOP was the lessee of the Subject Premises.

35. That at all times hereinafter mentioned, Defendant SI GRANITEVILLE PANCAKE HOUSE INC. d/b/a IHOP operated a restaurant open to the general public at the Subject premises.

36. That at all times hereinafter mentioned, Defendant SI GRANITEVILLE PANCAKE HOUSE INC. d/b/a IHOP managed the Subject Premises.

37. That at all times hereinafter mentioned, Defendant SI GRANITEVILLE PANCAKE HOUSE INC. d/b/a IHOP maintained the Subject Premises.

38. That at all times hereinafter mentioned, RICHMOND IHOP LLC d/b/a IHOP was the owner of the Subject Premises.

39. That at all times hereinafter mentioned, Defendant RICHMOND IHOP LLC d/b/a IHOP was the lessee of the Subject Premises.

40. That at all times hereinafter mentioned, Defendant RICHMOND IHOP LLC d/b/a IHOP operated a restaurant open to the general public at the Subject Premises.

41. That at all times hereinafter mentioned, Defendant RICHMOND IHOP LLC d/b/a IHOP managed the Subject Premises.

42. That at all times hereinafter mentioned, Defendant RICHMOND IHOP LLC d/b/a IHOP maintained the Subject Premises.

43. That on August 13, 2018 at approximately 1:30 p.m., the infant Plaintiff J.T. was lawfully within the restaurant located at the Subject Premises.

44. That on August 13, 2018 at approximately 1:30 p.m., the infant Plaintiff J.T. was a lawful patron at the Subject Premises.

45. That on August 13, 2018 at approximately 1:30 p.m. Defendant JANE DOE was working at the subject premises for Defendant IHOP RESTAURANTS LLC.

46. That on August 13, 2018 at approximately 1:30 p.m. Defendant JANE DOE was working at the subject premises for Defendant SI GRANITEVILLE PANCAKE HOUSE INC. d/b/a IHOP.

47. That on August 13, 2018 at approximately 1:30 p.m. Defendant JANE DOE was working at the subject premises for Defendant RICHMOND IHOP LLC d/b/a IHOP.

48. That on August 13, 2018 at approximately 1:30 p.m. Defendant JANE DOE was serving the table where the infant Plaintiff J.T. was seated at the subject premises within the scope of her employment with Defendant IHOP RESTAURANTS LLC.

49. That on August 13, 2018 at approximately 1:30 p.m. Defendant JANE DOE was serving the table where the infant Plaintiff J.T. was seated at the

subject premises within the scope of her employment with Defendant SI GRANITEVILLE PANCAKE HOUSE INC. d/b/a IHOP.

50. That on August 13, 2018 at approximately 1:30 p.m. Defendant JANE DOE was serving the table where the infant Plaintiff J.T. was seated at the subject premises within the scope of her employment with Defendant RICHMOND IHOP LLC d/b/a IHOP.

51. That on August 13, 2018 at approximately 1:30 p.m., while the infant Plaintiff J.T. was seated within the subject premises, Defendant JANE DOE dropped scalding hot water onto the infant Plaintiff J.T. causing significant burns.

52. That as a result of the foregoing, the infant plaintiff J.T. sustained severe and permanent personal injuries.

### As and for a First Cause of Action
### (Negligence)

53. That Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs numbered "1" to "52" with the same force and effect as though the same were set forth in full detail herein.

54. Defendants had a duty to use due, reasonable, and ordinary care in owning, operating, managing, maintaining, controlling and repairing the Subject Premises and the restaurant thereat.

55. Defendants breached their duty of due, reasonable, and ordinary care to Plaintiff in the following respects:

    a. That the aforementioned occurrence and the injuries resulting therefrom were the result of the carelessness, recklessness and

9

negligence of the Defendants, their agents, servants and/or employees in the ownership, ownership, operation, management, maintenance, control and repair of the aforementioned Subject Premises and the restaurant thereat.

b. That the aforementioned occurrence and the injuries resulting therefrom were the result of the carelessness, recklessness and negligence of the Defendants, their agents, servants and/or employees in their failure to properly train their employees.

56. That as a result of the foregoing, Plaintiff sustained severe and permanent personal injuries.

57. That the aforesaid occurrence was caused solely and wholly by the negligence, carelessness and recklessness of Defendants in the ownership, operation, management, maintenance and control of the Subject Premises and restaurant thereat.

58. That the aforesaid occurrence and resulting injuries therefrom were caused as the result of the negligence of the Defendants without any negligence on the part of Plaintiff contributing thereto.

59. As a result of his injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention.

60. As a result of his or her injuries, Plaintiff was, and will continue to be, rendered unable to perform his or her normal activities and duties.

61. That Plaintiff has been damaged by Defendants in a sum to be proven at trial that exceeds the jurisdictional limit ($75,000.00) of this Court.

**Wherefore**, Plaintiff demands judgment against the Defendants herein in an amount of her damages to be proven at trial, all of which are in excess of the minimum jurisdictional requirements of this Court, such other and further relief as this Court may deem just and proper, together with his attorneys fees, and the costs and disbursements of this action.

Dated: New York, New York
      February 1, 2021

    Yours, etc.,

    GREENBERG LAW P.C.

*[signature]*

    By: Joseph P. DePaola
    Alan M. Greenberg
    370 Lexington Avenue, Ste. 1100
    New York, New York 10017
    Tel: (212) 972-5656
    Fax: (212) 697-3551
    Email: joe@greenberglawpc.com